UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| MAX T. WOODS, et al. )<br>)<br>    Plaintiffs )<br>)<br>v. )<br>)   Case No. 7:11-CV-00223-SGW<br>)<br>HSBC BANK USA, NATIONAL )<br>ASSOCIATION, AS TRUSTEE FOR )<br>WFHM 2007-M09, et al. )<br>)<br>    Defendants ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## OF DEFENDANT WELLS FARGO BANK, N.A.

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), submits this Memorandum in Support of its Motion to Dismiss Plaintiffs' Complaint.

### STATEMENT OF ALLEGED FACTS

On or about May 25, 2007, Plaintiffs obtained a mortgage loan secured by a Deed of Trust on their residence. (Complaint, ¶ 5). Sometime prior to September 14, 2010, Plaintiffs failed to make required payments. (Complaint, Ex. B, referencing the fact that Plaintiffs missed payments).[1]

Wells Fargo was servicing Plaintiffs' loan, which was owned by defendant HSBC Bank USA, National Association, as Trustee for WFHM 2007-M09 ("HSBC"). (Complaint, ¶¶ 2, 3). Plaintiffs requested that their loan be modified pursuant to the federal government's Home Affordable Modification Program ("HAMP"). (Complaint, ¶ 12). By letter dated August 9,

---

[1] According to Plaintiffs, they were in default by June 2009. See letters from Plaintiffs to Wells Fargo dated December 16, 2009 and August 3, 2010, attached as Exhibits 1 and 2. Although these letters are not exhibits to the Complaint, they can be considered on a Motion to Dismiss because Plaintiffs allege and rely on such letters in the Complaint. (E.g., Complaint, ¶ 16 (alleging that Plaintiffs repeatedly requested Wells Fargo to modify their loan); Complaint; ¶ 19 (specifically identifying the letter from Plaintiffs dated August 3, 2010)). See American Chiropractic v. Trigon Healthcare, 367 F.3d 212, 234 (4th Cir.), cert. denied, 543 U.S. 979 (2004) (in ruling on a motion to dismiss, Court can consider documents that are integral to and expressly relied on in the complaint).

2010, Wells Fargo refused a modification request. (Complaint, ¶ 20 and Ex. C). Thereafter, Plaintiffs continued to inquire about a modification. (Complaint, ¶ 25).

On September 24, 2010, defendant Samuel I. White, P.C. sent a notice of a foreclosure sale to occur on October 14, 2010. (Complaint, ¶ 27). Plaintiffs allege that they called Wells Fargo and asked why the foreclosure notice had been sent, and whether Wells Fargo had the documents it needed to conduct a modification review. (Complaint, ¶ 28). They allegedly were told that Wells Fargo had received the information and that the matter was under review. (Complaint, ¶ 29). Samuel I. White, P.C. conducted a foreclosure sale on October 14, 2010. (Complaint, ¶ 33). The property was purchased at foreclosure by HSBC.

## ARGUMENT

Wells Fargo's Motion to Dismiss is evaluated under well-established principles. The Complaint must allege enough facts to state a claim to relief that is plausible on its face. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (citing Bell Atl. Corp. v. Twombley, 550 U.S. 544 (2007) (the complaint must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action.")). The Court takes the facts in the light most favorable to Plaintiffs, but does not accept the legal conclusions drawn from the facts, and does not accept as true unwarranted inferences, unreasonable conclusions, or arguments. Giarratano, 521 F.3d at 302.

Where fraud is alleged (as it is in this case), Plaintiffs bear a heightened pleading burden. They must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); see Dubowski v. Dominion Bankshares Corp., 763 F. Supp. 169, 172 (W.D.Va. 1991) (to comply with Rule 9(b), a plaintiff must allege the circumstances constituting fraud in detail – – "this means the who, what, when, where, and how.").

Applying these principles to the Complaint, it is clear that Plaintiffs have failed to state cognizable claims, and therefore the Complaint must be dismissed.

1.   <u>Plaintiffs Fail to Allege Fraud With Particularity</u>.

The first claim against Wells Fargo is for common law fraud. In Virginia, fraud requires proof of the following elements by clear and convincing evidence: a false representation of fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage to the misled party. <u>Winn v. Aleda Construction Co.</u>, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984).

The only allegation of reliance is in paragraph 62 of the Complaint. There, Plaintiffs allege that they "reasonably relied on [the] representations" of Wells Fargo. The alleged representations are that Wells Fargo "would not foreclose while modification of the loan was pending as long as it received all necessary documents." (Complaint, ¶ 59).

The allegations in paragraph 62 are insufficient, because they simply recite the element of reliance. Plaintiffs provide no facts showing how they relied on this alleged representation, because there are no plausible facts that could be alleged. The only action Plaintiffs could have taken to avoid foreclosure would have been to file bankruptcy. But this would not have prevented foreclosure, as HSBC would have obtained relief from the stay and foreclosed anyway.

A bare recitation of the element of reliance, without supporting factual content, is insufficient under Rule 9(b). See <u>Adams v. U.S. Bank</u>, 2010 U.S. Dist. LEXIS 65411, at *10 (E.D. Mich. July 1, 2010); <u>Xcoal Energy & Resources, LP v. Smith</u>, 2008 U.S. Dist. LEXIS 22831, at *4 (W.D. Va. March 20, 2008) ("Perhaps Xcoal is claiming that it would not have paid GCR for additional coal delivered had it known the truth. Perhaps Xcoal has knowledge of some

legal remedy that would have allowed it to require GCR to mine and deliver the coal before GCR entered bankruptcy. Perhaps there is some other detrimental reliance that neither I nor the opposing parties have thought of. But we should not have to speculate on the particulars of Xcoal's fraud claim."); Kline v. Nationsbank of Virginia, N.A., 886 F. Supp. 1285, 1295 (E.D. Va. 1995) ("'Reasonable, detrimental reliance is an essential element of a cause of action for fraud, and such reliance must be pleaded with particularity.'") (quoting Learning Works, Inc. v. Learning Annex, Inc., 830 F.2d 541, 546 (4th Cir. 1987)). For this reason, Plaintiffs' Complaint should be dismissed.

In addition, Plaintiffs fail to allege any facts showing that they were damaged as a result of the alleged misrepresentation. Plaintiffs assert that they were harmed because their home was sold at foreclosure. (Complaint, ¶ 63). But their home was not sold because there was an alleged misrepresentation. The foreclosure sale occurred because Plaintiffs admittedly were in default under their loan obligations.

Moreover, Plaintiffs never allege that they would have obtained a loan modification had the foreclosure sale not occurred. While Plaintiffs do allege that they were not offered a "proper loan modification" under HAMP (Complaint, ¶ 39), this is meaningless because there is no private cause of action under HAMP. See, e.g., Brown v. Bank of America Corp., 2011 U.S. Dist. LEXIS 36235, at *10 (D.Mass. March 31, 2011) ("HAMP does not provide or imply a private right of action."); Winn v. Chase Mortgage Services, Case No. 2:10-CV-395, at p. 7 (E.D. Va. October 29, 2010) ("Plaintiff does not have a private right of action under HAMP"). For these reasons, the Complaint fails to allege facts showing damages as a result of the alleged misrepresentations, and it should be dismissed.

2. <u>Plaintiffs' Allegations Show That Wells Fargo Did Not Violate The Equal Credit Opportunity Act</u>.

The Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, <u>et</u> <u>seq.</u>, provides in pertinent part that a creditor that takes "adverse action" on a consumer credit application must provide a "statement of reasons" for the adverse action. 15 U.S.C. § 1691(d). "Adverse action" is defined as:

> a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. <u>Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default</u> .

15 U.S.C. § 1691(d)(6) (emphasis added).

Here, Plaintiffs admittedly were delinquent on their loan at the time their alleged request for a modification was denied. Therefore, the notice requirements of ECOA do not apply, and Wells Fargo did not violate the Act. For this reason, Count Three should be dismissed. <u>See</u> <u>Howard v. Brim</u>, 2006 U.S. Dist. LEXIS 37956, at *16 (W.D.N.C. June 8, 2006) ("Since [Defendant's] alleged refusal to extend additional credit to Plaintiffs resulted from Plaintiffs' own delinquency, Plaintiffs cannot show that Defendant took adverse action against them . . . ."), <u>aff'd</u>, 224 Fed. Appx. 268 (4th Cir. 2007).

## CONCLUSION

For the foregoing reasons, Wells Fargo prays that its Motion to Dismiss be granted and that the Court enter an Order dismissing the Complaint against it with prejudice.

WELLS FARGO BANK, N.A.

By: /s/ Kevin P. Oddo
Counsel

Kevin P. Oddo (VSB #27503)
LeClairRyan, A Professional Corporation
1800 Wachovia Tower
Post Office Drawer 1200
Roanoke, Virginia 24006
(540) 510-3000
(540) 510-3050 (facsimile)
kevin.oddo@leclairryan.com

    Counsel for Defendant Wells Fargo Bank, N.A.

## CERTIFICATE OF SERVICE

    I hereby certify that on May 13, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following:

    Thomas D. Domonoske, Esquire
    461 Lee Avenue
    Harrisonburg, Virginia 22802

        Counsel for Plaintiffs

and I hereby certify that I have mailed by United States Postal Service the document to the following:

    G. Harris Warner, Jr., Esquire
    Warner & Renick, PLC
    4648 Brambleton Avenue, S.W.
    P. O. Box 21584
    Roanoke, Virginia 24018

        Counsel for Plaintiffs

        /s/ Kevin P. Oddo
        Kevin P. Oddo (VSB #27503)
        LeClairRyan, A Professional Corporation
        1800 Wachovia Tower
        Post Office Drawer 1200
        Roanoke, Virginia 24006
        (540) 510-3000
        (540) 510-3050 (facsimile)
        kevin.oddo@leclairryan.com

08028.0352